I disagree with the majority's reliance on Rule 7.2, Ala.R.Crim.P., to reach its conclusion that the trial court erred in conditioning Rex Watson's release during the pendency of his appeal upon his posting of the additional bond. Nevertheless, I believe the majority reaches the correct result. I, therefore, concur in the result.
The trial court's authority to release a convicted defendant during the pendency of his appeal is found in Rule 7.2(c)(2), Ala.R.Crim.P., which provides:
 "(2) Any defendant who has been convicted of an offense for which the defendant has been sentenced to a term of imprisonment for twenty (20) years or less may be released on a secured appearance bond or on the defendant's personal recognizance[.]"
(Emphasis added.) This grant of authority is qualified by Rule 7.2(d), which provides:
 "Release shall be denied after conviction and sentencing if the trial court has reason to believe that an appearance bond or conditions of release will not reasonably assure that the defendant will not flee, or that the defendant's being at large poses a real and present danger of harm to any other person or to the public at large, or if at the time the sentence was rendered, the defendant filed a notice of appeal and elected to waive release and to begin serving the sentence."
(Emphasis added.) In basing its analysis on Rule 7.2, the majority states:
 "Rule 7.2(d), Ala.R.Crim.P., . . . authorizes the trial court to deny release after conviction and sentence only if the defendant poses a risk of flight, poses a real and present danger of harm to others, or has made an election to waive release and to begin serving his sentence."
757 So.2d at 1113. However, the Committee Comments to Rule 7.2 (specifically, the "Committee Comments to Amendment to Rule 7.2 effective April 1, 1995") state:
 "Section (c) recognizes that after conviction the defendant is no longer presumed innocent and is not entitled to admission to bail as a matter of right. If a defendant's sentence is for twenty (20) years or less, the defendant can be admitted to bail, in the judge's discretion, unless the judge has reason to believe that bail will not reasonably assure that the defendant will not flee, or has reason to believe that there is a real and present danger to others posed by the defendant's being at large."
(Emphasis added.) Thus, Rule 7.2(d) does not, as the majority's statement suggests, require the trial court to release a convicted defendant during the pendency of his appeal unless he "poses a risk of flight, poses a real and present danger of harm to others, or has made an election to waive release and to begin serving his sentence." 757 So.2d at 1113. Rather, Rule 7.2(d) provides the trial court the discretion to release *Page 1115 
a convicted defendant unless that defendant, as the majority phrases it, ___ So.2d at ___, "poses a risk of flight, poses a real and present danger of harm to others, or has made an election to waive release and to begin serving his sentence."
Nonetheless, the majority's judgment is correct. Rule 7.3, Ala.R.Crim.P., reads:
"RULE 7.3 CONDITIONS OF RELEASE
 "(a) Mandatory Conditions. Every order of release under this rule shall contain the conditions that the defendant:
 "(1) Appear to answer and to submit to the orders and process of the court having jurisdiction of the case;
 "(2) Refrain from committing any criminal offense;
 "(3) Not depart from the state without leave of court; and
 "(4) Promptly notify the court of any change of address.
 "(b) Additional Conditions. An order of release may include any one or more of the following conditions reasonably necessary to secure a defendant's appearance:
 "(1) Execution of an appearance bond in an amount specified by the court, either with or without requiring that the defendant deposit with the clerk security in an amount as required by the court;
"(2) Execution of a secured appearance bond;
 "(3) Placing the defendant in the custody of a designated person or organization agreeing to supervise the defendant;
 "(4) Restrictions on the defendant's travel, associations, or place of abode during the period of release;
 "(5) Return to custody after specified hours; or
 "(6) Any other conditions which the court deems reasonably necessary."
(Emphasis added.) Rule 7.3, read in conjunction with Rule 7.2, provides that once the trial court, in its discretion, determines that a convicted defendant should be released during the pendency of his appeal, the trial court is required to impose those restrictions listed in Rule 7.3(a) and is authorized under Rule 7.3(b) to impose only those additional conditions that are "reasonably necessary to secure [the] defendant'sappearance."[2] As the majority notes, nothing in the trial court's order indicates that the additional bond is intended to secure Watson's appearance. Accordingly, I agree with the majority's conclusion that the trial court erred in conditioning Watson's release on payment of the additional bond.
[2] I note that Rule 7.3(b)(6) authorizes the trial court to impose "[a]ny other conditions which the court deems reasonably necessary." However, that authority is expressly limited by the qualifying language in the introductory clause of Rule 7.3(b), which requires that the imposed "conditions [be] reasonably necessary to secure [the] defendant's appearance."